I'm still here even if you can't see me. Okay. I don't know what happened. What are we seeing here? Oh, I did. I think I did. What is on the screen? I think what we're seeing are law clerks who are sitting in the same room she's in. That's what I think. And the camera's moved away from her. That's what I think. Did the camera move? Yes, it's right there. Oh, the camera moved. We can go ahead. Can we move the camera? What? What happened? Oh, I understand that, but I'd rather not have the law clerks. It's pretty sunk. I don't know what happened. I guess it's in a common conference room in the clerks of the city. Oh, it turned. It moved away from her. Let's see if we can see the camera. We're getting. I don't know. Let's see. If Judge Rawlinson, if it's not a big problem, she can just move over to the place where clerks were sitting and we'll see her. Because the camera's on those two seats. That'll be fine. I don't know what happened. It's not yet. Fine. Now we see you. Okay. Take two. May it please the Court, my name is Valerie Mulholland, appearing for the appellant, Blasta Sequeira, on behalf of her daughter, Alex Oyer. I'd like to reserve three minutes for rebuttal time. The threshold issue of eligibility is the most important determination for special education. Without eligibility, you can't get any of the provisions or protections of the Individuals with Disabilities Education Act going forward. I'll go straight to the narrow issue that's before us. Isn't there just a narrow issue before us today? A narration? Narrow issue. Oh, narrow issue, yes. The issue before the case is whether the eligibility meets the standard for recovering attorneys under prevailing party status. And you know why they denied them, and so you go right to tell us why they were wrong, if you want to. Okay. When a child is found eligible for special education, as the child was on January 24th of 2000. Judge Schroeder's going to point out that I'm not presiding, so you do. No, I'm just, the camera's moving in Las Vegas. Oh, I see. I thought you thought I was moving a little too fast. But the reason is we know what's in this record, so we're ready to see why. Okay. When a child becomes eligible for special education, the only way a child can no longer be eligible for special education is they either graduate or through a reevaluation, the district finds a change in circumstance such that the child no longer qualifies as a child with a disability. That's 1414C5. Judge Rollinson is back on camera. Okay. Excuse me. So when we're talking about is there a change between the legal status of the parties, absolutely. The presumption when you are, before you have eligibility is that you're not a child with a disability. The presumption after you're found to have a disability, you're presumed to be a child with a disability, and they have to show you no longer qualify. As a child with a disability, the eligibility kicks in what process? Once you are eligible for special education, you must be then given a free and appropriate education based on your unique needs. So it isn't a something, it's a everything or whatever it takes. So it would be totally dependent on the child, on what services, what program, what placements they would need. In this case, you can see that the judge was actually anticipating that her eligibility would continue. He went on and crafted a whole program on what the district services would be providing and what she would need to be successful. So although it was a snapshot in time where he was saying it's from January 2, the present, which happened to be the last day of hearing, since that was what was properly before him, time marches on. So, yes, of course, by the time the hearing decision came out, it was past the present because the present was now in the future. But that didn't change the fact that eligibility had already been determined for Alex and would continue. So the district, once eligibility attached, could not then go back and do an initial evaluation to find if she was eligible, because she was. They could only do an evaluation to find that she was no longer eligible for services. Well, did they develop a special education program for her at a later time? No. And here's sort of where the time limit comes in. If a parent files for due process and the school district, after they file for due process, hands the parent an assessment plan for special education, that is an automatic delay technique, because the parents then have two choices. They can wait the 75 days for that evaluation to be complete, pushing off the time of the hearing date, or they can go to hearing, but the decision has to be determined from the time of the complaint through the hearing. And this child was a junior in high school. Even moving the process at its quickest speed, she didn't get a decision until the end of her junior year. If the school district were allowed to complete its assessment prior to having the determination, it wouldn't have been until in the middle of her senior year that any determination would have been made by a hearing officer. And quite frankly, since he found she was eligible, there was no reason to wait. The district has an absolute right to assess, but they have an absolute right to assess in the appropriate time frame, which the judge found should have started in October of 2003, not in April of 2004. In this case, time was of the essence for this particular child, because she had so little school left, and she was declining so quickly. By the time the hearing office decision was rendered, she was unable to attend school at all. The district held their IEP as a result of their evaluation five days before this decision came out in the hearing. And they determined she wasn't eligible for special education. Through the same time period that the hearing officer found she was eligible. So what happened as a result of the hearing decision? The next IEP they held in the fall, after the hearing decision, you know, Alex is still out of school, now she qualifies for special education. So they did recognize the change in status due to this decision, or there would have been no reason why five days before this decision she wasn't eligible, and the next time they met, she was eligible. And so your point is that the lawyer was doing everything that the parent was doing, everything that was possible. The parent was doing everything that was possible, and the problem is that by finding eligibility doesn't meet the standards for attorney's fees, you would be saying to the parent, parent, you have to pay out of pocket an admission fee of tens of thousands of dollars, which you aren't going to be able to recover, to get your child into the program that they're legally entitled to by law. And that's sort of the problem with this, because what this message sends to the school districts is, districts, you've got a financial incentive not to find a child eligible, because there's no follow. The longer you delay, you hope the parents go away. You hope that they can't afford to keep litigating, because they can't recover in the end if it's just for eligibility. So what you're doing is encouraging them to really put to not be finding children eligible for the services that are mandated under the IDEIA. Okay. You have time for rebuttal. Thank you. We'll hear from the school district. May it please the Court, Greg Wedner of Lozano Smith on behalf of this school district. Eligibility is not sufficient. Here, the hearing officer could have awarded compensatory education, which would have been a remedy had he found a violation and qualifications. He expressly refused to do so. And I think if this Court looks at its most recent decision in Park v. Anaheim Unified High School District, 464 Fed 3rd 1025, it will see the difference between that case where attorneys' fees were awarded and this case where they were properly not awarded. In Park, which was decided in yes. Why isn't a determination that the student was eligible for special ed, why was that not a change in the party's status? Because it did not require any action on the part of the school district. It was not a legally recognized material change in circumstances. Eligibility --" I'm sorry. Is it your argument that the school district could have ignored that finding altogether? The school district could not have ignored a finding of eligibility. However, this finding of eligibility was for a period of time prior to and up to the date of the hearing. So, in fact, the school district did not ignore the finding of eligibility. The hearing officer did not require or obligate the school district to do anything with respect to that finding. As a matter of fact, he made a specific determination that I'm not going to determine prospective eligibility or any compensatory education. What was the school district's obligation under the statute once that determination was made that the student was eligible? If the eligibility determination is made, then an IEP team is established to determine what plan of special education and special education students are eligible for. But if, in fact, that eligibility continued, if there had not been a hearing on it. Counsel, isn't that a requirement that the school district would not otherwise have had? The direct answer is no, because of the time limitation, as this hearing officer found. Had there been, in response to your question, if the eligibility would continue, which was certainly a possibility that the hearing officer could have made, then I would agree that there would be some continuing obligation to convene an IEP team. But that was not the case. Counsel, let me ask you this. Once a student is found eligible for special ed, doesn't that eligibility determination follow until the school district in some way does an assessment that shows the student is no longer disabled? In some circumstances, that would be the case. In this circumstance, I would say it was not the case, because of the specific finding by the hearing officer that he was not going to decide prospective eligibility. Again, recall that there were assessments going on independent of the due process. Where was she in school at that time? Pardon me? Where was she in school at the time of the hearing? I don't mean physically, but... She was a junior, yes. Did I respond, Your Honor? Well, I was just going to ask you, what portion of the IDEA you're relying upon to support your argument that because there was no prospective specific relief order, that the eligibility determination does not change the status of the parties? What part of the law or regulations are you relying on? I'm unable to cite a specific portion of 1415, Your Honor, at this point. I apologize. Again, if I may refer to the Court's decision in Park, in that case, the facts were very, very similar. We had a determination of four months of denial of a free and appropriate education, but the hearing officer in the Park case awarded compensatory education and awarded additional services that this Court found to qualify the parents in that case for attorney's fees. And the Court at pages — I'm sorry, I just have the Westlaw version — toward the end of the decision talked about what would constitute prevailing party status for purposes of an award of attorney's fees. And the Court, again, referring to the line of Buchanan and the cases requiring a material change in the legal relationship, and I quote, "...appellant's successes satisfy this standard. As a result of appellant's claim, the district was obligated to provide for consultative services by Joseph's special education teacher, to formulate self-help goals, to undertake a functional behavior assessment, and to implement a new behavioral intervention plan. Those were all affirmative obligations placed on the district by the hearing officer, none of which occurred in this case." Well, you're equating legal status, status with affirmative obligations. I'm wondering whether that really is what the statute means or whether — or what we were doing in the Park case. I — It was sort of the result of the legal status change in that case. The result might have been a little bit different, but you'd still have — because of other circumstances, but I'm not sure that that means that the legal status was changed. Well, but this Court in Park did refer again to the Buchanan material change. And also, I would not want this Court to lose sight of the fact that we have an alternative argument that even if the eligibility determination itself constituted a material change, that because it was in effect a de minimis determination, again, under this decision in Park, there is no entitlement to attorney's fees. Counsel? Yes, ma'am. Would you agree that the hearing officer specifically ruled that the district had denied the student a free, appropriate public education? I would. And didn't Park recognize that that is the essence of the success that warrants prevailing party status? I don't read Park that way, Your Honor. Park recognized that that was — Wait a minute. What — I'm sorry? Could you turn to page 1036 of Park? And again, Your Honor, I apologize. I just have the Westlaw citation, but I'll try to find it. Okay. The Westlaw citation is 464 Fed 3rd, 1036. I will find where — I'm sorry. It's the paragraph immediately preceding page 1037, and it talks about the determination of public education as being the linchpin of the IDEA, and if one prevails on that, that's the essence of the prevailing party status. You don't recall that wording from Park? No, I do recall that wording from Park, and I think that's an accurate description of a threshold determination. Again, but prevailing party status, as I read Park, requires something more than just a fake denial. As I recall, the initial determination by this court on Park was despite the fake denial, there was a denial of attorney's fees, and then it came back up on rehearing. Let me read you the language I'm talking about. It says, nor are the issues on which appellants prevailed merely technical. Rather, they go to the very essence of the IDEA. The determination by the hearing officer and the district court that Joseph was denied a free and appropriate public education, even setting aside the other issues on which appellants prevailed, is the most significant of successes possible under the IDEA. I see that language, Your Honor. And you don't think that that means a finding of a denial of FAPE is enough to make one a prevailing party? I do not, because otherwise there wouldn't be the incidence of a determination of de minimis value, which is certainly also within the Ninth Circuit law. If a denial of FAPE per se constituted prevailing party status for attorney's fees, I believe there would not be a need for that de minimis characteristic. I think, to pinpoint it, and maybe I'm wrong, but what I think your position is, she, armed with the decision, she's not able at this point to compel the school district to do anything that it would not ordinarily do. And because of that, she's not entitled to attorney's fees. Now, is that the ground on which you stand? Absolutely correct, Your Honor. All right. And the argument on the other side is, as soon as the determination is made that she is a special student, was qualified for assistance from a period, I think, January to April, but you called it de minimis, and it's a short period of time, she has prevailed and attorney's fees should flow, and we have to decide which of the two of you are right. Isn't that where we are? I think that is of the essence, Your Honor. All right. Thank you. Thank you. I just wanted to go back and address a couple of issues. One, the monetary award in a special education case means that a child has been denied special education for a certain amount of time that they are either reimbursing the parent for out-of-pocket expenses or they are saying this child is going to need X, Y, Z services going forward. The problem with applying that to this case is we were moving as quickly as we could. We couldn't wait for two years of the student not to have services such that we could get a pot of money that would be not a de minimis amount. But for the school district to say that the finding of eligibility for special education, for getting an education is de minimis, would be rather false. They're in the business of providing education. That should be the number one benefit that every child could get. Is your point that it was de minimis because so much time had gone by in trying to pursue the avenues of relief that you have to go through under the statute? What's de minimis? The amount of? Compensatory ed. Right. Compensatory education is only for reimbursement or a finding that the child was denied for a certain amount of time such that the hearing officer says you're going to need X services going forward to make up for the amount of time. So if a child's denied a free and appropriate education for two years, chances are they're going to get a lot of compensatory ed. Here we filed so it was basically the time from January to April, and the hearing officer said, you know what, it's not that I don't think that she needs a program going forward, because he outlines what the program going forward should be for her to get an appropriate education. But what he does say is it wasn't enough time that we feel that we have to give extra services in addition to the special ed. services she'll already get. So, and once again, this isn't a time limit. It was from January to present. And I think saying it was only a three-month finding of eligibility is incorrect. That's the only determination he could make. He couldn't make a prospective determination because of the litigation strategies used by the school district. Once they put an assessment plan in place, the hearing officer couldn't say forever. That's just the way that the regulations and the statutes interplay. And the last point that I wanted to make is that the hearing officer can only decide four issues, identification, which is eligibility, evaluation, placement, and FAPE, free and appropriate education. If you're saying one of those doesn't meet the standard for getting attorney's fees under prevailing party, you're taking a lot out of anything that the hearing officer would be able to decide. Thank you for your time. Thank you.
judges: Schroeder, Farris, Rawlinson